AO 106 (Rev. 04/10) Application for a Search Warrant                    AUTHORIZED AND APPROVED/DATE: _____ 9/1/23

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )       Case No. M-23- 774 -AMG
  )
a black Apple iPhone cell phone, IMEI Number  )
351055807021646 located at HSI Oklahoma City, 3625  )
NW 56th St., 3rd Floor, Oklahoma City, Oklahoma 73112  )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ Western _____ District of _____ Oklahoma _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |
| 21 U.S.C. § 841 | Distribution of a Controlled Substance |

The application is based on these facts:

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Napoleon Harrington, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/1/23

_____
*Judge's signature*

City and state: Oklahoma City, Oklahoma        Amanda Maxfield Green, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of: a black Apple iPhone cellular telephone, IMEI Number 351055807021646 located at HSI Oklahoma City, 3625 NW 56th St., Third Floor, Oklahoma City, Oklahoma 73112 | Case No. M-23-       -AMG |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Napoleon Harrington, Special Agent with Homeland Security Investigations (HSI) Oklahoma City, having been duly sworn, depose and state as follows:

### Introduction and Agent Background

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the examination of property, an electronic device identified below and in **Attachment A**, which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B**, which constitutes evidence, instrumentalities, and fruit of violations of 21 U.S.C § 841 and 21 U.S.C. § 846.

2. I am a federal law enforcement officer as defined under Rule 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant.

3. I am a Special Agent (SA) with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the Oklahoma City office. I have been

employed by HSI since September 2022 and as part of my duties as an HSI Special Agent, I am responsible for conducting investigations into violations of federal laws, including the manufacturing and possession of controlled substances with the intent to distribute. Prior to this assignment, I worked as a Border Patrol Agent and Border Protection Officer from 2018 through 2022. In total, I have received approximately 53 weeks of specialized training in the enforcement of federal laws. In my experiences as a Border Patrol Agent and Protection Officer, I was part of arresting and interviewing numerous individuals who were involved with and had personal knowledge about importing, transporting and concealing drugs, as well as, the amassing, spending, converting, transporting, distributing, laundering and concealing of proceeds from drugs trafficking and smuggling.

4. As part of my investigative experience as an HSI Special Agent, I have participated in the execution of search and arrest warrants, seized and logged physical evidence, conducted physical surveillance, and tested and verified seized drugs. I have personally participated in interviews of witnesses and cooperating sources regarding illegal trafficking in drugs and have read an analyzed reports of similar interviews by other officers and agents. As a result, I have gained knowledge of the methods used by drug traffickers and other criminals to avoid detection by law enforcement. In light of this training and experience, I know the following:

    a. I am aware of the methods in which drug couriers and people associated with drug trafficking organizations (DTOs) often use electronic devices, including

2

computers, tablets, cell phones, and other electronic storage devices, to communicate and execute electronic transactions which can, in turn, create automatic records and documentation of the transactions;

b. I am aware that that it is particularly common for individuals engaged in the sale and distribution of illegal drugs to use electronic devices to track and document financial transactions;

c. I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often keep such electronic devices on or near their person.

d. I am aware that drug traffickers use their cellphones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

5. I am submitting this Affidavit in support of a search warrant authorizing a search of one cellular telephone, **a black Apple iPhone, IMEI Number 351055807021646 (Subject Device)** located at HSI Oklahoma City, 3625 NW 56th St., Third Floor, Oklahoma City, Oklahoma 73112, as further described in **Attachment A**, which is incorporated into this Affidavit by reference. I am submitting this Affidavit in support of

3

a search warrant, which would authorize the forensic examination of the **Subject Device** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of 21 U.S.C. § 841 and 21 U.S.C. § 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B**.

6. Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 have been committed by Rashad Akeem Battle (**BATTLE**), Curtis Lenardo Ellis (**ELLIS**), and others. There is also probable cause to search the property described in **Attachment A** for instrumentalities, evidence, and fruits of these crimes, as described in **Attachment B**.

7. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

### Probable Cause

5. On June 10, 2023, at approximately 10:33 a.m., Oklahoma County Sheriff (OCSO) Deputies with the Criminal Interdiction Team of Central Oklahoma (CITCO) were

patrolling near Interstate 40 and Meridian. They observed a black Nissan Rogue following a car in front of them at an unsafe distance. The OSCO deputies initiated a traffic stop and contacted the driver, **BATTLE**, and the passenger, **ELLIS**. Upon contact with the occupants, one of the OSCO deputies smelled the odor of burnt marijuana emanating from inside the Rogue.

6. When the officers ran system checks on **BATTLE**'s driver's license, they discovered that his license was suspended. While the officer was waiting on the system and processing the traffic stop, **BATTLE** explained that he and **ELLIS** had traveled to Arizona for two weeks to meet a friend and were headed home. Additionally, **BATTLE** admitted that a marijuana cigarette had been smoked inside the car. The OSCO deputy then contacted **ELLIS** as he pretended to be sleeping in the front seat even during the traffic stop. **ELLIS** provided his license as well and stated that they were returning from a one week stay in Las Vegas.

7. The OSCO deputy deployed his K-9 partner Geri to conduct free air sniff around the exterior of the Rogue. Geri alerted to the presence of a drug odor and a probable cause search of the Rogue was conducted. During the search, the OSCO deputies discovered seventeen (17) packages of methamphetamine with an approximate weight of eighteen (18) pounds and forty (40) grams of marijuana. During the search of the vehicle and arrest of the subjects, the deputies also located three (3) cell phones and determined the ownership of each phone by asking **BATTLE** and **ELLIS**. **ELLIS** confirmed that the **Subject Device**

was one of two phones that belonged to him. The drugs were transported to the Oklahoma City Police Department evidence room for storage.

8. When asked if either subject wanted to speak to an investigator, both declined and invoked their rights. Both subjects were taken into custody by the Oklahoma City Sheriff's Office and transported to the Oklahoma City Detention Center. During this investigation, officers and agents learned that **BATTLE** rented the Nissan Rogue on June 2, 2023 in Missouri. License plate reader data showed that the vehicle was in Missouri on June 5, 2023 heading westbound and then appeared in Arizona on June 6, 2023, also heading westbound. Then from June 6 through June 9, 2023 the vehicle appeared in several places in Nevada before appearing in Arizona again on June 9, 2023 heading eastbound. As noted above, the vehicle was stopped on the morning of June 10, 2023 outside of Oklahoma City.

9. On July 21, 2023, HSI Oklahoma City tested the bundles using the TruNarc and all of the bundles tested positive for methamphetamine. On July 24, 2023, HSI Oklahoma City Special Agents sent the bundles off to the DEA lab for purity testing. The results were received on August 7, 2023, and the substances were verified as methamphetamine with a purity of 98%. The **Subject Device** has remained in the custody of HSI. Following the receipt of the final drug results, on August 16, 2023, both **BATTLE** and **ELLIS** were indicted in this district in case CR-23-437-SLP.

10. Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

11. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones. I also know from training and experience that evidence of financial transactions conducted in furtherance of drug trafficking will often be found on a suspect's cell phone.

12. Based on my training and experience, I know that electronic devices like the **Subject Device** can store information for long periods of time, even years. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered months or years later using readily-available forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

7

## Authorization Request

13. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **Subject Device**. Therefore, I respectfully request that this Court issue a search warrant for the **Subject Device**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

14. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Device** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might expose many parts of the **Subject Device** to human inspection in order to determine whether it is evidence described by the warrant.

15. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Respectfully submitted,

NAPOLEON HARRINGTON
Special Agent, HSI

8

Subscribed and sworn on this __1st__ day of September, 2023.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT A

The property to be searched is a Black Apple iPhone IMEI# 351055807021646 (**Subject Device**). **Subject Device** is currently located at the Oklahoma City field office of Homeland Security Investigations, located at 3625 NW 56th St., Third Floor, Oklahoma City, Oklahoma 73112. This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in **Attachment B**.



10

## ATTACHMENT B

1. All records on the **Subject Device** described in **Attachment A** that relate to violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 that involve **ELLIS**, and other co-conspirators, from June 1, 2023 through June 10, 2023, including but not limited to:

   a. lists of customers and co-conspirators and related identifying information;

   b. communications and evidence of communications, including but not limited to call logs, voicemails, text messages, multimedia messages, emails, and messages sent through applications, between the user of the **Subject Device** and customers and co-conspirators;

   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   e. any information recording **ELLIS'** schedule or travel, including but not limited to location information; and

   f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **Subject Device** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

   As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

11